In re Appeal of Grant: Grant, Trustee, Appellee, v. Washington Twp., Appellant.

[Cite as Grant v. Washington Twp., 1 Ohio App. 2d 84.]

(No. 2722—Decided February 13, 1963.)

*Messrs. Coolidge, Wall & Wood* and *Mr. Robert B. Womsley,* for appellee.

*Mr. Paul R. Young*, prosecuting attorney, *Mr. Charles A. Anderson* and *Mr. Russell E. Yeazel*, for appellant.

DUFFEY, P. J.   This is an appeal from a judgment of the Common Pleas Court of Montgomery County in two separate cases.   Common Pleas Court No. 118,384 is an action for declaratory judgment.   Common Pleas Court No. 119,164 is an appeal to the Common Pleas Court under Chapter 2506, Revised Code.   Both cases concern the zoning of appellee's premises known as Grant's farm consisting of approximately 400 acres in Washington Township, Montgomery County.   Under the township resolution it is classified as R-1, single family residential, with a lot area of 80,000 square feet (1.8 acres).   The challenge is not to the residential restriction but rather to the area requirement.

By entry on June 23, 1961, the cases were "consolidated for purposes of trial."   The judgments in the cases are contained in one entry.   This entry states:

"These consolidated causes came on to be heard upon the pleadings, the evidence and the arguments and briefs of counsel. On consideration thereof, the court finds, adjudges and declares in Case No. 118,394 that the Washington Township Zoning Resolution, insofar as it purports to impose upon plaintiff's property, as described in the petition, a minimum lot size of 80,000 sq. ft. is confiscatory, discriminatory and deprives plaintiff of valuable property rights without due process of law in contravention of the provisions of the Constitutions of the United States and of the state of Ohio and, therefore, is void, invalid and of utterly no effect.

"Coming now to Case 119,164, the court, finding that the Washington Township Board of Trustees acted unreasonably and arbitrarily in rejecting plaintiff's application for rezoning, orders, adjudges and decrees, under the power bestowed by Section 2506.04, *Ohio Revised Code,* that the order of the Washington Township Board of Trustees be, and hereby it is, reversed and the plaintiff's property be, and hereby it is, zoned in accordance with plaintiff's rezoning application and the map attached thereto, filed with the Washington Township Zoning Commission January 21, 1961, which hereby are incorporated by reference in this order.

"Exceptions are noted for all litigants to all rulings and orders affecting them adversely."

The appellant has assigned two errors; the judgments are contrary to law, and they are against the manifest weight of the evidence.

As to the appeal proceedings under Chapter 2506, Revised Code, appellant contends that the appeal was never perfected, and the Common Pleas Court lacked authority to proceed with the action.

The record before this court shows an instrument entitled "BEFORE THE BOARD OF TOWNSHIP TRUSTEES OF WASHINGTON TOWNSHIP, MONTGOMERY COUNTY, OHIO." It states it is a notice of appeal "on questions of law under Chapter 2506, Ohio Revised Code." However, there is nothing else—not an original or even a copy of any application, decision, order, transcript of testimony, or anything else that was presented before any township body. During argument in this court, appellee proffered a copy of a praecipe which was stated to have been filed with the Clerk of the Board of Township Trustees. The copy cannot be considered by this court in a law appeal.

Section 2506.03, Revised Code, requires that the hearing by the Common Pleas Court on such an appeal "shall be confined to the transcript as filed pursuant to Section 2506.02 of the Revised Code unless * * *." Under that statute additional evidence may be submitted *only* if there are certain deficiencies in the transcript or proceedings of the administrative body. It is apparent that with *nothing* before it (except possibly a notice of appeal), the Common Pleas Court lacked any statutory basis upon which to permit the introduction of evidence.

The transcript required by Section 2506.03, Revised Code, can be obtained under Section 2506.02, Revised Code. If, as appellee contends but the record does not show, a praecipe was filed with the board and the clerk did not fulfill his obligations, appellee had a remedy. See Sections 2506.02, 2506.01, 2505.08 and 2505.44, Revised Code.

The conclusion is inescapable that the Common Pleas Court had no authority to proceed under Chapter 2506, Revised Code, and under the circumstances here should have dismissed the appeal as requested by the appellant. The judgment of the court as to its Case No. 119,164 purports to find the board of

trustees acted unreasonably in rejecting the application for rezoning, decreed that the board's order be reversed, and that the property be rezoned in accordance with the application. For the reasons stated, this judgment order must be reversed and the appeal proceedings dismissed.

In the declaratory judgment action the petition is confined to the charge that the R-1 zoning is unconstitutional because the area requirement is unreasonable as applied to appellee's property. Appellant contends that the fact issues which are controlling here were determined in a previous action and that the decision in that action operates under *res judicata* to bar the present suit. The action relied upon is that of *State, ex rel. Grant, Jr., Exr.*, v. *Kiefaber* (1960), 114 Ohio App., 279, affirmed in 171 Ohio St., 326. In view of the disposition of that action, we do not consider it controlling.

Zoning classifications must be based on a comprehensive plan for the development of a governmental unit. Such a plan requires the gathering and analysis of data on existing land uses and the reasonably foreseeable needs based upon population, economics, living and transportation patterns, and all the many factors that do, or may in the future, affect the unit's physical development. Washington Township's geographical area was created for political and governmental purposes. As to its land use, it is on the fringe of a large and rapidly growing major metropolitan complex. In that context it is a very small part of a very large population center. Great portions of the township are presently undeveloped, but its population and construction rates face rapid increases. Yet in the appellant's evidence there is a great dearth of qualified expert opinion to establish the relationship or place of this small township's growth to the general conditions which are affecting it. On the contrary, it is difficult to escape the feeling that the zoning scheme here was largely developed by township officials with an insular outlook and without substantial professional advice. While the burden of proof was on the plaintiff-appellee, the failure of appellant's evidence to establish any substantial underlying basis for the "plan" of the township's development has considerable bearing in determining the manifest weight of the evidence.

The property involved here is a farm of about 400 acres,

Much of the surrounding property is also open land. The bulk of the farm is in a somewhat squarish shape, having four relatively equal length boundaries. The balance is a sizeable piece jutting from the northwest corner. A stream (Hole's Creek) flows from the southwest portion into the center of the large portion and curves on up to the northwest, with a small branch from the east boundary to the center. There are some flood plains and some relatively severe terrain adjoining the stream.

Appellee's evidence shows that some 10 per cent of the entire township is zoned R-1; that there is not now, nor is there likely to be, any substantial demand for residential lots of 80,000 square feet in this township; that the development cost for R-1 lots on appellee's property would make the per-lot cost extremely high and thereby greatly lessen the probability of successful development, particularly considering the large quantity of R-1 zoning elsewhere in the township; and that the primary basis for the classification of appellee's property was to accommodate a number of individual property owners rather than any consideration of the needs of the township as a whole (much less as a part of the metropolitan area). The evidence also supports a finding that the present value of the property under R-1 zoning is less than 20 per cent of what it would be under residential use on 20,000 square foot lots. In view of the other facts, this evidence of value acquires considerable significance.

While we do not attach the same importance as the trial court to the facts emphasized in the judgment entry, yet on the record as a whole there is sufficient evidence to support the court's conclusion that it is unreasonable to apply an 80,000 square foot requirement to the entire acreage of appellee's tract. However, the judgment entered has the effect of voiding R-1 zoning as to every portion of the premises. In that respect the judgment goes too far.

This case is not the usual few lots or acres in an urban area. The premises contain over 400 acres. The township is not urban, or even suburban. It is fringe suburban. Some of the tract has topographical features which have bearing on the reasonableness of the area requirement. During argument, appellee conceded that on some of the acreage substantial area

requirements could be justifiably imposed. There is also an adjacent existing residential development of an R-1 quality. On the evidence of record the judgment should be modified.

The judgment will be modified to declare that the imposition of the 80,000 square foot minimum on appellee's entire acreage is unreasonable; but that, giving due weight to flooding, terrain, existing adjacent developments, and factors properly bearing on a suitable development of appellee's tract, R-1 zoning in a portion of the premises is not unlawful.

By such a declaration we do not suggest that R-1 zoning *should* be imposed on *any* portion of the premises. We simply find that it is not *illegal* as to a portion. The wisdom of doing so is not a question for a court to decide.

We are well aware of the fact that the declaration as modified will leave open the question of exactly where the line of R-1 zoning should be drawn, as well as exactly what area requirements would be appropriate in the balance of the premises. Nor is there evidence presently of record that would enable a court to make a determination of those questions. Such questions are first and foremost of a legislative and administrative character. As a part of the principle of separation of power, and the wise policy of judicial restraint, a court should not interfere unnecessarily with or substitute its judgment for that of other branches of government.

The declaration itself should be, and we sincerely hope it will be, enough to cause the appropriate governmental agencies, in co-operation with appellee, to re-examine the present zoning and arrive at classifications consistent with the declaration. However, application for specific relief pursuant to a declaration may be made under Section 2721.09, Revised Code. If after a reasonable time no change has been made acceptable to appellee, then the trial court in the exercise of its traditional equitable powers, and upon application under Section 2721.09, Revised Code, may grant further relief upon reviewing the township's actions and taking any evidence necessary to settle the matter.

The declaratory judgment of the court in case No. 118,384 will be modified as indicated, and as so modified is affirmed. That case will be remanded for further proceedings according to law.

The judgment of the court in case No. 119,164 is reversed and the proceedings dismissed.

*Judgment accordingly.*

DUFFY, J., concurs.

BRYANT, J., dissenting. I must respectfully dissent from the majority opinion. As I see it, the rejections of the application for rezoning by the township zoning authorities and the rejection by the township trustees represent a gross abuse of discretion, were arbitrary and high-handed, and the court below was correct in striking them down.

DUFFEY, P. J., DUFFY and BRYANT, JJ., of the Tenth Appellate District, sitting by designation in the Second Appellate District.