SOFER, APPELLANT, *v.* CINCINNATI MET. HOUSING AUTHORITY, APPELLEE.

[Cite as Sofer v. Housing Authority (1975),
44 Ohio App. 2d 113.]

(No. C-74318—Decided May 12, 1975.)

*Mr. James C. Paradise,* for appellant.
*Mr. Booth Shepherd,* for appellee.

KEEFE, J. This cause came on to be heard upon the appeal; the transcript of the docket; journal entries and original papers from the Hamilton County Court of Common Pleas; and the assignments of error, briefs and oral arguments of counsel.

The record reveals that plaintiff Frank Sofer, the appellant, was employed by the Cincinnati Metropolitan Housing Authority as a senior maintenance man and that he was dismissed from such employment on February 2, 1973. Hereinafter, the parties are identified as appellant and the Housing Authority. Pursuant to appellant's request, an appeal hearing was held before the director of the Housing Authority on February 16, 1973, which resulted in a confirmation of the dismissal.

Appellant appealed his dismissal pursuant to R. C. 2506.01. On June 14, 1973, the court granted appellant's motion to compel the Housing Authority to file a transcript of the proceedings held before the director. No transcript,

however, was ever filed. On May 21, 1974, the court granted the Housing Authority's pending motion to dismiss. Although there are two assignments of error, counsel for appellant agreed in oral argument that, taken together, they amount to an assertion that the court's dismissal of Mr. Sofer's appeal was contrary to law. We agree.

The Housing Authority predicated its motion to dismiss on the contention that the matter in issue was not appealable to the common pleas court and that, as a result, the court lacked jurisdiction to proceed. In support of this argument, the Housing Authority submitted to the court an affidavit from its director. The affiant stated that Mr. Sofer's dismissal was "effective, in accordance with 'statement of policy for custodial employees.'"

The trial court was without authority to dismiss the case without having the transcript of proceedings before it, as meager as it may have been. The affidavit was no proper substitute for a transcript of the record of the actual proceedings conducted by the director. It is reasonable to assume that the record would have included evidence of the contractual relationship existing between Mr. Sofer and his employer, the Housing Authority. Such a record is required to be filed by R. C. 2506.02. The effect of a failure to file a transcript was treated in the case of *Grant* v. *Washington Twp.* (1963), 1 Ohio App. 2d 84. There the court said:

"It is apparent that with *nothing* before it (except possibly a notice of appeal), the Common Pleas Court lacked any statutory basis upon which to permit the introduction of evidence." (Page 86.)

The transcript was indispensible to the Court of Common Pleas for its determination of the two following issues before it: (1) Did Mr. Stofer have a *right* to appeal under R. C. 2506.01 from the hearing before the director, whatever the nature of that hearing amounted to and whatever the director considered on that occasion? and (2) if the answer to the foregoing inquiry is in the affirmative, was the discharge of the appellant legally justified under standards prescribed in R. C. 2506.04? It is emphasized that the record of what transpired before the director was

absolutely necessary before the court below properly could decide these questions. The court acted prematurely in granting the motion to dismiss without benefit of a transcript of the record of proceedings before the director. The assignments of error are valid.

We reverse and remand for further proceedings according to law.

*Judgment reversed and cause remanded.*

SHANNON, P. J., and PALMER, J. concur.