REILLY, Appellant,

v.

SYLVANIA TOWNSHIP BOARD OF TRUSTEES, Appellee.

[Cite as *Reilly v. Sylvania Twp. Bd. of Trustees* (1990), 66 Ohio App.3d 324.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–177.

Decided March 9, 1990.

*Paul Cox* and *Deborah L. Bukovan,* for appellant.

*Willis Jones, Jr.,* for appellee.

---

*Per Curiam.*

On December 1, 1986, appellant, Terrance F. Reilly, filed a notice of appeal in the Lucas County Court of Common Pleas, challenging an "Order and Resolution of the Board of Trustees of Sylvania Township demoting, suspending and otherwise disciplining the Appellant." On May 11, 1989, the Lucas County Court of Common Pleas filed an opinion and judgment entry which

contained the statement: "Upon consideration of the transcript and the parties' briefs, the Court affirms the Board of Trustees' decision." An appeal was then timely filed in this court, raising three assignments of error, which state:

"1. The Court of Common Pleas erred when it concluded that Appellee's charges against the Appellant were supported by the preponderance of substantial, reliable and probative evidence.

"2. The Court of Common Pleas erred when it held that the discipline meted out to the Appellant was in accordance with law.

"3. The Court of Common Pleas erred when it refused to admit into the record the collective bargaining agreement between the Fraternal Order of Police and the Board of Trustees."

This court must *sua sponte* dismiss this appeal for reasons explained below.

R.C. 2506.02 governs the filing of transcripts in appeals from administrative decisions. R.C. 2506.02 states in pertinent part:

"Within thirty days after filing the notice of appeal, the officer or body from which the appeal is taken shall, upon the filing of a praecipe, prepare and *file* in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard and taken into consideration in issuing the order appealed from. * * * " (Emphasis added.)

The reviewing court is then limited to considering the transcript alone when hearing the appeal, unless some specifically enumerated defects appear on the face of the transcript or are alleged by affidavit. R.C. 2506.03. In the event one of the specifically enumerated defects is shown, the court may accept and consider evidence in addition to the transcript. *Id.* However, the general rule is that absent a transcript provided pursuant to R.C. 2506.02, the reviewing court has no jurisdiction to consider an appeal of an administrative decision. *Grant v. Washington Twp.* (1963), 1 Ohio App.2d 84, 86–87, 30 O.O.2d 108, 109–110, 203 N.E.2d 859, 861–862.

A careful review of the record in this case, including the docket sheet of the Lucas County Court of Common Pleas, indicates that the transcript was never filed with the Lucas County Court of Common Pleas. The docket sheet contains an entry which reads: "Notice of filing a transcript and conclusions of fact pursuant to Ohio Revised Code Section 2506.02 et seg. [*sic*] filed by appellee." However, a notice of filing is not a substitute for an actual filing. The copy of the transcript presented to this court was never file-stamped and was never entered as filed on the docket sheet of the Lucas County Court of Common Pleas. The Lucas County Court of Common Pleas therefore acted beyond its jurisdiction when it considered this case, *Grant v. Washington*

*Twp., supra,* at 86–87, 30 O.O.2d at 109–110, 203 N.E.2d at 861–862, and its opinion and judgment entry is void and is not an appealable order. Accordingly, this court is without jurisdiction to hear this appeal. This appeal is dismissed. Appellant and appellee are each ordered to pay one half of the costs of this appeal.

*Judgment accordingly.*

HANDWORK, P.J., and ABOOD, J., concur.

Prior to his death, Judge JOHN J. CONNORS, JR. participated in the decision-making process of this case.