WOERNER, Appellant,

v.

MENTOR EXEMPTED VILLAGE SCHOOL DISTRICT
BOARD OF EDUCATION, Appellee.

[Cite as *Woerner v. Mentor Exempted Village School
Dist. Bd. of Edn.* (1993), 84 Ohio App.3d 844.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–085.

Decided Jan. 4, 1993.

*Ronald G. Macala* and *Salvatore J. Falletta,* for appellant.

*Ronald J. Habowski,* for appellee.

JOSEPH E. MAHONEY, Presiding Judge.

Appellant, James F. Woerner, timely filed an application for reconsideration pursuant to App.R. 26, requesting this court to reconsider its opinion issued May 29, 1992, 1992 WL 121665. On October 9, 1992, appellant's application for reconsideration was granted, and this court's opinion and judgment entry of June 1, 1992 was vacated.

A brief review of the facts in the underlying case is necessary to properly analyze appellant's application.

Appellant's employment was terminated by his employer, Mentor Exempted Village School District Board of Education, appellee, after it was discovered that appellant had falsified his employment application. Prior to the aforementioned termination, appellee notified appellant of a hearing wherein the charges would be reviewed and appellant would be given an opportunity to respond. Subsequent to the hearing, a public meeting was conducted, which was followed by an executive session. Testimony was provided by the superintendent of the school district and by appellant, but, according to appellant, no one was administered an oath. Following the executive session, the school board met in open session and voted to terminate appellant's employment.

Appellant appealed the decision to the common pleas court and requested the school board to file a transcript of proceedings. No transcript of proceedings was ever filed. Eventually, the trial court granted summary judgment in favor of appellee.

The trial court's decision was appealed to this court on the accelerated docket. This court modified the trial court's decision and affirmed as modified, stating in pertinent part:

"It has been held that appeals pursuant to R.C. 3319.081 are governed by R.C. Chapter 2506. *In re Appeal of Sergent* (1976), 49 Ohio Misc. 36 [3 O.O.3d 308, 360 N.E.2d 761]. R.C. 2506.03 provides that the hearing on appeal by the common pleas court shall be confined to the transcript filed pursuant to R.C. 2506.02. Although R.C. 2506.02 does not specify whose responsibility it is to request that a transcript be prepared, this court has previously held that the duty to file the requisite praecipe rests with appellant. *Wickliffe Firefighters Assn. v. Wickliffe* (June 4, 1990), Lake App. No. 89–L–13–005 [66 Ohio App.3d 681, 586 N.E.2d 133] * * *; *Rodzen v. Warren City Health Dept.* (Mar. 20, 1987), Trumbull App. No. 3633, unreported [1987 WL 8230].

" 'Where no transcript has been filed as provided in Chapter 2506, Revised Code, the Common Pleas Court has no basis or authority upon which to permit the introduction of evidence and no authority to proceed with the appeal.' *Grant*

*v. Washington Twp.* (1963), 1 Ohio App.2d 84 [30 O.O.2d 108, 203 N.E.2d 859] paragraph two of the syllabus.

"In the instant cause, therefore, the trial court erred in considering either side's motion for summary judgment because appellant failed to provide a transcript in accordance with R.C. 2506.02. Without a transcript, the trial court had no basis to determine whether any error had been committed."

■ The test generally applied upon the filing of a motion for reconsideration is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515.

After further review, it appears that there is a split in authority as to the proper procedure when a transcript is not filed in conjunction with an administrative appeal.

■ Pursuant to R.C. 2505.08, the school board had the responsibility of filing a complete transcript of testimony and evidence offered in the administrative proceeding. The school board failed to do so. R.C. 2506.03 outlines the procedure to be followed when a transcript is incomplete:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

"(1) The transcript does not contain a report of all evidence admitted or profferred [*sic*] by the appellant;

" * * *

"If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."

Although R.C. 2506.03 does not specifically address the situation where no transcript whatsoever is filed, the Court of Appeals for Butler County has held that it does, in fact, apply to the situation where no transcript has been filed because the situations are analogous. *Xetron Corp. v. Butler Cty. Bd. of Zoning Appeals* (July 25, 1988), Butler App. No. CA87–12–163, unreported, 1988 WL 76814. See, also, *Smith v. Clermont Northeastern Local School Dist.* (Aug. 26, 1991), Clermont App. No. CA90–10–103, unreported, 1991 WL 164577; and

*Underwood v. St. Clairsville–Richland School Dist.* (Mar. 4, 1985), Belmont App. No. 84–13–11, unreported, 1985 WL 10394.

On the other hand, in *Sofer v. Cincinnati Metro. Hous. Auth.* (1975), 44 Ohio App.2d 113, 73 O.O.2d 99, 335 N.E.2d 872, the Court of Appeals for Hamilton County held that a transcript of proceedings is indispensable to the trial court and, therefore, the trial court cannot proceed with the appeal without a transcript. See, also, *Miller v. Woodlawn Bd. of Appeals* (July 20, 1983), Hamilton App. No. C–820839, unreported, 1983 WL 5137; and *Toth v. Kenston Local School Dist.* (June 29, 1981), Geauga App. No. 921, unreported, 1981 WL 4416.

Therefore, if R.C. 2506.03 applies to situations where no transcript is filed, the trial court could hold a hearing *de novo* and essentially perform the function of the administrative body. If R.C. 2506.03 does not apply, the trial court is without jurisdiction to hear the appeal and has no choice but to dismiss it. This latter alternative, however, which is the course this court followed in its opinion, rewards the school board for not filing a transcript which it is required to file pursuant to R.C. 2505.08. If a school board does not want its decision reversed on appeal to the common pleas court, all it has to do is not file a transcript. Clearly, the result would not be fair to the appellant.

For the foregoing reasons, it is this court's opinion that our previous decision in this matter was in error. This court chooses to follow the decision in *Xetron Corp., supra,* and, thus, we hold that R.C. 2506.03 applies to the situation where no transcript is filed. If an administrative body fails to perform its obligation of filing the transcript of proceedings, the trial court should be able to conduct a hearing *de novo.*

Accordingly, the case is remanded to the trial court for further proceedings consistent with this opinion. Specifically, the trial court shall either obtain a copy of the transcript of the proceedings before the school board or conduct a hearing *de novo.*

Costs are to be assessed against appellee.

*Judgment accordingly.*

BASINGER, J., concurs.

NADER, J., concurs separately.

RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.

NADER, Judge, concurring.

While I concur in the judgment upon reconsideration that this case must be remanded to the trial court for further proceedings, I write in order to shine a light upon a procedure which is endorsed by the judiciary, but not warranted under statutory law. Specifically, I refer to the application of the procedure found in R.C. Chapter 2506 to appeals taken pursuant to R.C. 3319.081. Significantly, the issue impacts the jurisdiction of the trial court and may, therefore, be raised in the lower court on remand. The majority of this court has not addressed the issue which is raised in this opinion; thus, there is no law of the case on this point.

Appeals taken pursuant to R.C. Chapter 2506 are fundamentally different from those taken under favor of R.C. 3319.081. Our previous opinion relied on *In re Appeal of Sergent* (1976), 49 Ohio Misc. 36, 3 O.O.3d 308, 360 N.E.2d 761, for the proposition that an appeal taken pursuant to R.C. 3319.081 is "governed by R.C. Chapter 2506." *Woerner v. Mentor Exempted Village School Dist. Bd. of Edn.* (May 29, 1992), Lake App. No. 91–L–085, unreported, at 3, 1992 WL 121665. Clearly, *Sergent* is not *binding* authority on this court; it is from a court of common pleas (Montgomery County). Neither is *Sergent persuasive* because it fails to note that an appeal brought pursuant to R.C. Chapter 2506 is " * * * *in addition to* any other remedy of appeal provided by law."[1] R.C. 2506.01. *Sergent* erroneously concludes that, because an R.C. Chapter 2506 appeal is *available* from the final order of a school board, the procedures of R.C. Chapter 2506 *must* be applied in an R.C. 3319.081 appeal. This is a *non-sequitur*; it should not be regarded as mandating that there is an R.C. Chapter 2506 appeal in the instant case.

In order to understand the differences between an appeal brought pursuant to R.C. 3319.081 and one brought under R.C. Chapter 2506, it is necessary to look at the statutes which are applicable.

The procedure which governs an R.C. Chapter 2506 appeal is found in R.C. Chapter 2505, "except as modified by" R.C. Chapter 2506. R.C. Chapter 2506.01. The procedure for an R.C. 3319.081 appeal is set forth in R.C. 2505.03(B):

"Unless, in the case of an administrative-related appeal, Chapter 119. or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure. When an administrative-related appeal is so governed, if it is necessary in applying the rules of Appellate Procedure to such an appeal, the administrative officer, agency, board, department, tribunal, commission, or other

---

1. An example of an "other remedy" is R.C. 3319.081, as will be explained *infra*.

instrumentality shall be treated as if it were a trial court whose final order, judgment, or decree is the subject of an appeal to a court of appeals or as if it were the clerk of such a trial court."

The time for filing a notice of appeal pursuant to R.C. 3319.081 is *ten days* after an employee receives a termination notice via certified mail. R.C. 3319.-081(C). The notice must be filed in writing in *the common pleas court* of the county in which the school board is located. *Id.*

By contrast, an R.C. Chapter 2506 notice of appeal must be *filed* with the *administrative board,* R.C. 2505.04, within thirty days of the entry of the final order of the board. R.C. 2505.07. Mere service of a summons is not sufficient. *Guysinger v. Chillicothe Bd. of Zoning Appeals* (1990), 66 Ohio App.3d 353, 584 N.E.2d 48; *Patrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals* (1988), 55 Ohio App.3d 124, 562 N.E.2d 921.

A review of R.C. 3319.081 reveals no standard of review for the common pleas court to apply to such an appeal. Neither does R.C. Chapter 2505. Pursuant to R.C. 2505.03(B), I believe the appropriate standard of review for an R.C. 3319.081 appeal is found in App.R. 12. This is a very different review from that found at R.C. 2506.04. Most important, there is no provision in the Appellate Rules (analogous to R.C. 2506.03) which allows for the common pleas court to take additional evidence. Thus, no additional evidence may be taken in an R.C. 3319.081 appeal, and the trial court is confined to the transcript of the school board.

Another clear difference between an R.C. Chapter 2506 appeal and an R.C. 3319.081 appeal is the triggering mechanism by which a board is required to file a transcript. In an R.C. Chapter 2506 appeal, the appellant is required to file a praecipe before the board has a duty to file the transcript. R.C. 2506.02; *Wickliffe Firefighters v. Wickliffe* (1990), 66 Ohio App.3d 681, 586 N.E.2d 133.

Under R.C. 2505.08 (made applicable to an R.C. 3319.081 appeal by R.C. 2505.03[B] ), the board has a duty, *sua sponte,* to file the transcript within forty days of the filing ·of the notice of appeal.

As a praecipe *was* filed by appellant, the board has the duty to file the record in this case, whether it is an R.C. Chapter 2506 appeal or an R.C. 3319.081 appeal. R.C. 2505.44 gives the common pleas court the authority to *compel* the furnishing, completion, or perfection of the transcript. Pursuant to R.C. 3313.26, the treasurer of the board has a statutory duty to maintain the transcript. Irrespective of the nature of the appeal to the lower court, I believe the trial court may not go forward without the transcript. It must not be forgotten that this action is *an appeal,* not an original action.

Finally, it should be reiterated that if the appellant did not *file* a notice of appeal with the school board within thirty days of the final appealable order, this *cannot* be an R.C. Chapter 2506 appeal. This act, the filing with the board, is jurisdictional and, therefore, can be raised at any time.

On the other hand, it is clear that appellant properly filed an R.C. 3319.081 appeal. If it is determined that the R.C. Chapter 2506 appeal was not timely filed, the trial court ought to consider the matter under the Appellate Rules, as required by R.C. 2505.03(B).