DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Benny J. Hirsch and Summit Equipment and Supplies (collectively, "Hirsch") appeal from a judgment of the Summit County Court of Common Pleas that dismissed his administrative appeal as untimely. We reverse and remand the case because the common pleas court based its decision on evidence that was not properly before it.
On August 28, 1997, Hirsch filed a notice of appeal in the court of common pleas from a decision of the Akron Board of Zoning Appeals ("board") that, according to him, was issued on August 6, 1997. Appellees, the city of Akron and the board (collectively, "board"), moved the court to dismiss the appeal. The board contended that Hirsch's appeal was untimely because it had actually issued its decision on May 14, 1997, when the zoning administrator sent Hirsch a letter which indicated that the board had denied his appeal. The board also asserted that Hirsch had not filed a notice of appeal with the board as he was required to do to perfect his appeal. Rather than relying on the record of the proceedings before the board, however, the board merely attached copies of documents to support its motion. At the same time, the board requested the court "to order that the transcript shall not become due until 30 days after the court rules on this Motion to Dismiss." The trial court granted the board's requested extension. Relying solely on the materials attached to the parties' briefs, the trial court determined that Hirsch's appeal was untimely and dismissed the appeal. Hirsch appeals and raises one assignment of error.
Hirsch's assignment of error raises both a procedural and a substantive challenge to the decision of the common pleas court. Because the procedural argument is dispositive, we need not reach Hirsch's substantive argument. Although this Court is not persuaded by the specific legal avenue that Hirsch pursued, it is persuaded by the basic gist of his procedural argument. Hirsch argues that the only proper evidence before the common pleas court was the notice of appeal he filed and that the court was without authority to consider the materials attached to the parties' motions and briefs. This Court agrees that the common pleas court based its decision to dismiss the appeal on evidence that was not properly before it.
Hirsch appealed to the common pleas court pursuant to R.C. Chapter 2506. R.C. 2506.02 provides that "[w]ithin forty days after filing the notice of appeal, the officer or body from which the appeal is taken, upon the filing of a praecipe, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from. * * *." Although there is nothing in the record to conclusively establish that Hirsch filed a praecipe with the board, it would appear that he did do so because the common pleas court granted the board an extension of time to file the transcript.
The trial court erred in ruling on the board's motion to dismiss the appeal before the transcript, or requisite portions of it, had been filed. R.C. 2506.03 provides that, in considering an administrative appeal filed pursuant to Chapter 2506, the court "shall be confined to the transcript [of all the original papers, testimony, and evidence offered] * * * unless it appears, on the face of that transcript or by affidavit" that one of several enumerated exceptions applies. In such a situation, the court may take evidence in addition to the transcript.
The requirement that the court confine its review to the transcript has been held to apply not only to the court's consideration of the merits of the appeal, but also to its rulings on motions to dismiss. See Sofer v. Housing Authority (1975),44 Ohio App.2d 113, 114; Toth v. Kenston Local School Dist. Bd. ofEdn. (June 29, 1981), Geauga App. No. 921, unreported. The restriction has been held to apply specifically to the court's determination of whether an R.C. Chapter 2506 appeal should be dismissed as untimely. See Singh v. Holfinger (Jan. 29, 1991), Franklin App. No. 90AP-639, 1991 WL 10936, unreported; Domines v.Cleveland (July 27, 1972), Cuyahoga App. No. 31228, unreported.
In Singh, supra, the Tenth District Court of Appeals addressed the same issue currently before this Court. In the common pleas court, the village challenged the timeliness of the appellant's administrative appeal. Rather than properly filing the transcript, as the village zoning commission was statutorily required to do, the village attached documents to its motion to dismiss and brief in support. Although the common pleas court considered these materials and dismissed the appeal as untimely, the court of appeals reversed the dismissal because the common pleas court had no proper evidence before it to support its decision. Id.
The appellate court reasoned that a transcript was necessary to determine even a dismissal on jurisdictional grounds. "[O]nce the issue of jurisdiction has been raised, based upon the failure to properly perfect the appeal, the trial court is required to examine the record and other evidence necessary to make a determination as to whether or not the action was properly commenced." Id. at *2. "[R]egardless of whether or not appellants' appeal was timely, appellees were required, pursuant to R.C. 2506.02, to file the transcript of proceedings with the trial court. * * * This court finds that the trial court abused its discretion in * * * granting appellees' motion to dismiss without having before it the necessary information to rule on the motion."Id. at *6.
Even if this Court were to conclude that a common pleas court has authority to rule on the timeliness of an administrative appeal without having the official transcript before it, the evidence before the court would need to be certified as being part of the administrative record. There was no such certification here. In fact, it is apparent that some of the key evidence before the court, such as the affidavit testimony of the zoning administrator that he was responsible for notifying parties of the board's decisions, was not part of the administrative record. Although supplementation of the transcript might have been appropriate in this case, any supplementation would have been confined to the requirements of R.C. 2506.02. R.C. 2506.02 allows supplementation of the transcript in limited situations after the transcript itself has been filed with the court.
Because the common pleas court dismissed Hirsch's administrative appeal without having an adequate record to support it dismissal, Hirsch's assignment of error is sustained. The judgment of the common pleas court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. ___________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, P. J.
QUILLIN, J. CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)