{¶ 4} I must respectfully disagree with the majority's assertion that there is no evidence in the record that the Board was served with the notice of appeal. On September 3, 2002, appellants filed in the common pleas court a notice of appeal from a decision of the board of zoning appeals. This notice was captioned "In the City of Cleveland, Board of Building Standards, Board of Zoning Appeals." The certificate of service certifies that the notice was "filed in the ZONING APPEALS BOARD." There is no evidence in the record to contradict this certification. In my opinion, on this record, we must presume that the notice of appeal was timely filed with the board as certified by appellants, and that the common pleas court therefore had jurisdiction to decide the appeal. Dudukovich v. LorainMetropolitan Housing Authority (1979), 55 Ohio St.2d 202, 204-05
(timely delivery of a notice of appeal to the board, presumptively accomplished by mailing five days before the expiration of the 30 day time limit, constitutes "filing");Berea Music v. Berea, Cuyahoga App. No. 2002-Ohio-6639, ¶¶ 9 
10; cf. Patrick Media Group, Inc. v. Cleveland Bd. of ZoningAppeals (1988), 55 Ohio App.3d 124.
 {¶ 5} Having concluded that the common pleas court had jurisdiction to review the board's decision, I would hold that the common pleas court did not err by finding the board's decision was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Appellants failed to ensure that the board provided the court with the record of proceedings which would have supplied the factual basis for such a determination, or to request a de novo hearing before the court. See Woerner v. Mentor ExemptedVillage School Dist. Bd. Of Edn. (1993), 84 Ohio App.3d 844,846-847. Thus, the court had no factual basis on which to make such a determination. Accordingly, I would affirm the common pleas court's decision.
This cause is vacated.
It is, therefore, ordered that said appellants recover of said appellees their costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.