[Cite as *Tillman v. Piqua Bd. of Zoning Appeals*, 2023-Ohio-3385.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| JASON TILLMAN, ET AL. | : | |
| | : | |
| Appellants | : | C.A. No. 2023-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 22 CV 456 |
| | : | |
| CITY OF PIQUA BD. OF ZONING APPEALS | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 22, 2023

. . . . . . . . . . .

JASON TILLMAN and BRIDGETT TILLMAN, Appellants, Pro Se

FRANK J. PATRIZIO and KYLER J. PALMER, Attorneys for Appellee

. . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Appellants Jason and Bridgett Tillman appeal from a judgment of the Miami County Common Pleas Court, which dismissed their administrative appeal from a decision of the Piqua Board of Zoning Appeals ("BZA"). The BZA had approved a decision of the City of Piqua to demolish the Tillmans' home. Because the underlying legal controversy has been rendered moot, this appeal is dismissed.

## I.     Facts and Procedural History

{¶ 2} Jason and Bridgett Tillman owned a house located at 638 South Roosevelt Avenue in Piqua.   In May 2021, the house was rendered uninhabitable after it sustained severe damage from a fire.   On June 1, 2021, the City of Piqua ("the City") entered an order of condemnation regarding the residence.

{¶ 3} In April 2022, the City entered an order of demolition for the residence upon finding that the Tillmans had made no substantive repairs to the damage caused by the fire.   The City requested that the BZA review its decision.   The BZA conducted a hearing on the matter on October 25, 2022.   Thereafter, the BZA entered a decision upholding the demolition order.

{¶ 4} The Tillmans filed an administrative appeal in the Miami County Court of Common Pleas contesting the decision of the BZA.   On January 11, 2023, the BZA filed a motion to dismiss the appeal; the BZA argued that the Tillmans had failed to prosecute their appeal because they had not filed a transcript of the BZA proceedings as required by R.C. 2506.02.   Citing *Grant v. Washington Twp.*, 1 Ohio App.2d 84, 203 N.E.2d 859 (2d Dist.1962), the BZA argued that the failure to file the transcript rendered the common pleas court without jurisdiction to proceed.

{¶ 5} On January 13, 2023, the Tillmans filed a document entitled "Motion for Transcript from Piqua Ohio BZA Board of Zoning and Request Extention [sic] of Code 2506.02."   In the motion, the Tillmans sought to have the common pleas court request the transcripts of the BZA record and hearing; they also claimed they had requested the

transcripts "multiple times by email." An attachment to the motion indicated that the Tillmans had first contacted the BZA regarding "a public records request" on January 12, 2023.

{¶ 6} The common pleas court dismissed the administrative appeal on February 7, 2023. The Tillmans filed a timely notice of appeal to this court on February 10, 2023, but they did not seek a stay of the judgment with either the common pleas court or this court. The City executed its order, and the home was demolished on February 22, 2023. Thereafter, the BZA filed a motion to dismiss the appeal as moot. The Tillmans filed a memorandum in opposition. The matter is now before us for review.

## II. Mootness

{¶ 7} At the outset, we must address the BZA's claim that this appeal has been rendered moot because the subject property has been demolished.

{¶ 8} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cryan v. Cryan*, 152 Ohio App.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Accordingly, the "mootness doctrine" prevents courts from deciding "cases in which there is no longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. An issue becomes moot when an appellate court is left with nothing to decide because an event has occurred which makes it impossible for the court to "grant any effectual relief." *Ardire v. Westlake City Council*, 8th Dist. Cuyahoga No. 99347, 2013-Ohio-3533, ¶ 3, citing

*Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus; *accord State ex rel. City of Englewood Dir. of Law v. Red Carpet Inn*, 2d Dist. Montgomery No. 27590, 2018-Ohio-1224.

{¶ 9} An appeal or action challenging the demolition of a building is rendered moot when a stay is not obtained and the building is demolished during the pendency of the proceeding. *Red Carpet Inn* at ¶ 7; *accord Mayfield v. Costanzo & Son Co.*, 8th Dist. Cuyahoga No. 96890, 2012-Ohio-271, ¶ 14, citing *Armour v. Luckey*, 9th Dist. Summit No. 10220, 1981 WL 4125, *2 (Aug. 27, 1981) (denial of stay and demolition of building rendered moot an argument on appeal challenging the demolition of the building).

{¶ 10} The Tillmans do not claim that any of the exceptions to the mootness doctrine apply to the facts of this case. Specifically, they do not argue that their appeal raises issues that (1) are capable of repetition, yet evading review, (2) involve matters of great public importance, or (3) constitute unresolved debatable constitutional questions. *Coates Run Property LL, L.L.C. v. Athens Bd. of Zoning Appeals*, 4th Dist. Athens No. 15CA5, 2015-Ohio-4732, ¶ 15. Further, on this record, we cannot discern any such exception.

{¶ 11} We conclude that the Tillmans' failure to seek a stay of the demolition order and the subsequent demolition of the residence, along with the absence of any exception to the mootness doctrine, deprives us of a legal controversy upon which we can grant relief.

### III. Conclusion

**{¶ 12}** Our finding of mootness obviates the need to evaluate the Tillmans' assignment of error. *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 15*; Townsend v. Antioch Univ.*, 2d Dist. Greene No. 2008-CA-103, 2009-Ohio-2552, ¶ 8.

**{¶ 13}** This appeal is dismissed as moot.

. . . . . . . . . . . . .


EPLEY, J. and HUFFMAN, J., concur.