LEWIS, APPELLANT, *v.* PARKINSON, DIR., ET AL., APPELLEES.

(No. 80AP-124—Decided January 15, 1981.)

*Mr. Carl J. Corletzi,* for appellant.

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Patrick McGrath* and *Mr. John C. Klein,* for appellees.

MOYER, J. This matter is before us on an appeal from a judgment of the Court of Common Pleas of Franklin County, affirming a decision of the Civil Service Commission of Columbus, which suspended appellant from his employment for twenty days.

Appellant, Robert J. Lewis, is a classified civil service employee of the city of Columbus. As a result of an alleged violation of a work rule, he was given a five-day suspension from his job. Lewis appealed his suspension to the Civil Service Commission of Columbus, which increased the suspension from five to twenty days in a decision rendered May 10, 1979. Lewis filed a notice of appeal with a praecipe for a certified record and transcript with the commission and with the Court of Common Pleas on May 25, 1979. On June 25, 1979, thirty-one days after the notice of appeal was filed, the City Law Department filed the record with the court on behalf of the commission.

Appellant filed a motion for judgment on September 21, 1979, based on the commission's untimely and alleged ineffective certification and filing of the record. However, the trial court entered judgment for the commission, finding that appellant's *notice of appeal* was not timely filed. Appellant raises the following assignments of error in support of his appeal:

"The Court of Common Pleas for Franklin County errored [sic] by:

"(1) Dismissing Appellant's appeal for failure to invoke the jurisdiction of the Court.

"(2) Dismissing Appellant's appeal for failure to timely file a proper notice of appeal.

"(3) Granting Appellee's Motion for Judgment.

"(4) Denying Appellant's Motion for Judgment.

"(5) Finding that Ohio Revised Code Chapters 2505 and 2506 are the sole and exclusive method of appeal from a decision of a city civil service commission in a suspension case.

"(6) Failing to find that a city civil service commission decision in a suspension case may be appealed under Ohio Revised Code, Section 124.40.

"(7) Failing to find that Ohio Revised Code Sections 124.34 and 119.12 are applicable to [a] city civil service commission decision in suspension cases through Ohio Revised Code, Section 124.40.

"(8) Failing to disaffirm and reverse the order of the City of Columbus, Civil Service Commission for failure to timely file the transcript of proceedings before said commission within the time limits specified by Ohio Revised Code, Section 119.12."

Both parties have briefed the assignments of error as covering three issues. Our disposition of the first of these issues is dispositive of the entire case. That issue is resolved by our determination of the proper time limit for filing a notice of appeal from a decision of the Civil Service Commission of Columbus. Resolution of the issue depends on interpretation of three chapters of the Ohio Revised Code and of the Columbus City Code, all of which provide for review of administrative actions.

Appellant first argues that R.C. 124.34 and 124.40 apply to the facts in this case. We disagree. R.C. 124.34 provides no appeal to the Court of Common Pleas in the case of a *suspension* of a civil

service employee. Although appeal to the State Personnel Board of Review, or commission, is provided in a suspension case, appeal to the Court of Common Pleas, pursuant to R.C. 124.34, is provided only in the case of a disciplinary removal or a reduction in pay. *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207 [61 O.O. 2d 447].

If the procedure for appeal set forth in R.C. 119.12 is to apply to the case before us, it must apply because appellant has a right of appeal granted by that section itself. Two cases decided by the Ohio Supreme Court persuade us that the right of appeal found in R.C. 119.12 cannot be extended to this case. In the case of *Taylor* v. *Johnson* (1961), 172 Ohio St. 394, 395 [16 O.O. 2d 248, 249], the Supreme Court held as follows:

"This court does not agree with the contention of Taylor that Section 119.12, Revised Code, is applicable to this appeal. Section 119.01, Revised Code, defines the agencies to which Section 119.12 is applicable. Reference is made in Section 119.01 to the civil service commission, but a careful reading of both sections makes it clear that this reference is to the state Civil Service Commission and not to a municipal civil service commission."

Further support for this conclusion is found in the case of *Karrick* v. *Bd. of Edn.* (1963), 174 Ohio St. 467 [23 O.O. 2d 114], where it was held, in paragraph two of the syllabus, that:

"A municipal civil service commission, not being an 'agency' as defined by Section 119.01(A), Revised Code, is not subject to the provisions of the Administrative Procedure Act (Chapter 119, Revised Code) in promulgating rules."

Although this case is not concerned with the promulgation of rules, there is no reason to apply a different definition of "agency" to different factual circumstances. We therefore hold that there is no right of appeal from an order of a municipal civil service commission under R.C. 119.12.

Appellant's appeal to the Court of Common Pleas is, therefore, governed by R.C. Chapters 2506 and 2505 which grant a right of appeal from city agencies and which provide for the procedures to be used in such appeals. The time limit for giving a notice of appeal is found in R.C. 2505.07 which provides that the notice of appeal must be filed within ten days after the issuing of the decision or order of the city agency. Since appellant filed his notice of appeal fifteen days after the decision of the Civil Service Commission of Columbus, the trial court did not err in dismissing his appeal.

Relating the foregoing discussion of the issues to appellant's specific assignments of error, we hold that appellant's assignments of error Nos. 1 through 7 are overruled, and that appellant's eighth assignment of error is thereby rendered moot and is also overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC and PALMER, JJ., concur.

PALMER, J., of the First Appellate District, sitting by designation in the Tenth Appellate District.