BEARE, APPELLANT, *v.*
CITY OF EATON, APPELLEE.

(No. 323—Decided April 13, 1983.)

*Mr. James Alton Combs,* for appellant.

*Mr. John L. Petry,* for appellee.

NICHOLS, J. By letter of July 23, 1981, appellee, city of Eaton, removed appellant, Kenneth C. Beare, from his employment with the city of Eaton effective August 1, 1981. Appellant timely appealed his removal to the Eaton Civil Service Commission where a hearing was held on August 6, 1981. On December 29, 1981, the commission affirmed appellant's removal. Aggrieved, appellant filed a notice of appeal with the commission and the Preble County Court of Common Pleas on January 13, 1981.

On October 8, 1982, the court of common pleas dismissed the appeal holding "* * * appellant must proceed in his appeal pursuant to ORC [Chapters] 2505 and 2507 [*sic*], and having failed to file his notice of appeal within 10 days, said appeal is dismissed and appellees [*sic*] motion is sustained."

Appellant's single assignment of error is as follows:

"The lower court erred in holding that the appellant was required to file his Notice of Appeal within ten days after the decision of the Eaton Civil Service Commission."

This court must resolve whether a municipal civil service employee, removed from his employment, must appeal an adverse commission ruling to the court of common pleas within the ten-day time limit provided by R.C. 2505.07 or whether such appeal may be filed within the fifteen-day time limit of R.C. 119.12. Appellant filed his notice of appeal on the fifteenth day; the court of common pleas found such filing untimely thus failing to confer jurisdiction.

Appellee supports the trial court's decision by reliance on *Lewis* v. *Parkinson* (1981), 1 Ohio App. 3d 22, which held that R.C. 124.34 did not provide an appeal to the court of common pleas in the case of a suspension of a civil service employee, and that R.C. 119.12 provides no right of appeal from an order of a municipal civil service commission.

R.C. 124.34 provides in part that

"[t]he tenure of every * * * employee in the * * * civil service * * * [of] cities * * *" shall be during good behavior and efficient service. Reduction, suspension or removal shall be only for enumerated causes. In cases of reduction, removal or suspension of more than three working days, an appropriate order containing the reasons therefor must be filed with the commission. If an appeal is prosecuted within ten days, the commission shall hear and dispose of the issues appealed. The statute further provides:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

It is clear that the only right of appeal from an agency or commission decision to the court of common pleas is conferred in either removal or pay reduction cases for disciplinary reasons. Without question, the court of appeals in *Lewis* v. *Parkinson, supra,* was correct in excluding a municipal civil service employee's suspension from judicial review under the authority of R.C. 124.34.

However, the facts *sub judice* present the question of an appeal of a removal under said statute. It appears for the reasons hereinafter stated that a different result is dictated.

In *Lewis* v. *Parkinson, supra,* the Franklin County Court of Appeals relied on *Taylor* v. *Johnson* (1961), 172 Ohio St. 394 [16 O.O.2d 248], to conclude that there is no right of appeal from an order of a municipal civil service commission under R.C. 119.12. The *Parkinson* court, citing *Taylor,* stated at page 24:

" 'This court does not agree with the contention of Taylor that Section 119.12, Revised Code, is applicable to this appeal. Section 119.01, Revised Code, defines the agencies to which Section 119.12 is applicable. Reference is made in Section 119.01 to the civil service commission, but a careful reading of both sections makes it clear that this reference is to the State Civil Service Commission and not to a municipal civil service commission.' " (*Taylor,* at page 395.)

Unfortunately, such analysis constituted dictum. Taylor had become chief of police of a city without taking a civil service examination. Therefore, he was not in the classified service; he was not entitled to the benefits of civil service law; and, he had no right to appeal to the municipal civil service commission from the mayor's order of removal or to the court of common pleas from a decision of the commission affirming the mayor's order.

Nor is *Karrick* v. *Bd. of Edn.* (1963), 174 Ohio St. 467 [23 O.O.2d 114], also relied upon by the court of appeals in *Lewis* v. *Parkinson, supra,* instructive. Paragraph two of the syllabus in *Karrick* stated: "A municipal civil service commission, not being an 'agency' as defined by Section 119.01(A), Revised Code, is not subject to the provisions of the Administrative Procedure Act (Chapter 119, Revised Code) in promulgating rules." The question before the Ohio Supreme Court was whether certain rules promulgated by a municipal civil service commission must be in conformity with R.C. Chapter 119. From this, the court of appeals in *Lewis* v. *Parkinson, supra,* concluded that a municipal civil service commission was not an agency within the contemplation of R.C. 119.01(A), thereby precluding appellate review under R.C. 119.12.

R.C. 124.40(A) provides that "[t]he procedure applicable to reductions, suspensions, and removals as provided for in section 124.34 of the Revised Code, *shall govern the* civil service of cities." (Emphasis added.)

Reading R.C. 124.40 *in pari materia* with R.C. 124.34, it appears without ques-

tion that the legislature intended that a city civil service employee have a right to appeal pursuant to R.C. 119.12 to the court of common pleas of his county or residence where the controversy involves removal or reduction of pay for disciplinary reasons.

R.C. 119.12 provides in part:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

The Ohio Supreme Court in *Walker* v. *Eastlake* (1980), 61 Ohio St. 2d 273 [15 O.O.3d 273], held that a classified municipal employee may appeal his removal for disciplinary reasons to the court of common pleas pursuant to R.C. 2506.01 which provides in part: "The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law."

The Supreme Court further stated at page 275:

"While the relevant portion of R.C. 124.34 was enacted after R.C. 2506.01, the language regarding appeals to Courts of Common Pleas contained therein is not mandatory or exclusive in nature. Nor does the language in R.C. 124.40, which states that '[t]he procedure applicable to reductions, suspensions, and removals as provided for in section 124.34 of the Revised Code, shall govern the civil service of cities,' make the provisions of R.C. 124.34 regarding use of R.C. 119.12 mandatory or exclusive. Use of R.C. 2506.01 is not precluded by either R.C. 124.34 or 124.40.* * *"

No clearer statement can be found that the Ohio Supreme Court recognized the right of a municipal civil service employee to perfect and prosecute an appeal of a removal from employment for disciplinary reasons pursuant to either R.C. 119.12 or 2506.01.

In construing R.C. 143.27 (now 124.34), the Ohio Supreme Court recognized the right to pursue an appeal under R.C. 119.12 when it stated in *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207 [61 O.O.2d 447], at pages 210-11: "No appeal is provided to the Common Pleas Court from any order of suspension, such appeals * * * being limited to those involving removal, or reduction in rank for disciplinary reasons."

Another example of judicial recognition of appellate rights under both R.C. 119.12 and 2506.01 appears in *In re Locke* (1972), 33 Ohio App. 2d 177 [62 O.O.2d 276]. In that case, the mayor suspended and discharged the police chief of a municipal corporation for disciplinary reasons. After the municipal civil service commission affirmed his discharge, the police chief filed with the commission a notice of appeal to the court of common pleas asserting appellate rights under both R.C. 143.27 (now 124.34) and R.C. 2506.01 *et seq.* The right to appeal the decision of a municipal civil service commission pursuant to R.C. 143.27 and 119.12 was unchallenged. The court of appeals held at page 180:

"We have concluded that the General Assembly intended the provisions of Chapter 2505, known as the Appellate Procedure Act, to apply where applicable and that R.C. 143.27 and the provisions of R.C. Chapter 2505, where applicable, are *in pari materia.*"

We hold that appellant had the right to appeal to the Preble County Court of Common Pleas under the authority of either R.C. 119.12 or 2506.01. Having chosen to pursue his appeal under the former statute, his appeal was timely filed. The trial court erred in finding that appellant failed to confer jurisdiction to hear and determine the merits of the appeal under the constraints.

Accordingly, the judgment of the court of common pleas is reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment reversed and cause remanded.*

HENDRICKSON, P.J., and KOEHLER, J. concur.

NICHOLS, J., of the Court of Common Pleas of Madison County, sitting by assignment in the Twelfth Appellate District.