JACOBS, APPELLANT, *v.* MARION CIVIL SERVICE COMM. ET AL., APPELLEES.

(No. 9-83-41 — Decided June 10, 1985.)

*Robert G. Byrom* and *John E. Lenehan,* for appellant.

*S. Fredrick Zeigler,* law director, for appellees.

MILLER, J.   This is an appeal from a judgment of the Court of Common Pleas of Marion County.

Patricia Jacobs was employed as a bus driver by the Marion City School District.

On December 6, 1982, the school system's assistant superintendent and business manager wrote the following letter to Jacobs:

"I am recommending that you be terminated as an employee for the Marion City Schools effective December 7, 1982.

"The reason for this action is that you have had five accidents with a Marion City School bus, three of which occurred during the past twelve months. In addition, you drove your bus when your supervisor felt you should not have, which resulted in a confrontation with your supervisor, and ultimately with your being suspended without pay (September 16 and 17, 1982). These actions demonstrate that you are not competent to drive a school bus, and this record poses a serious threat to the safety of children."

On December 13, 1982, the Marion

City Board of Education terminated Jacobs' employment.

Thereafter, Jacobs filed with the Marion Civil Service Commission her request for a formal hearing before the commission on the matter of her termination. On March 16, 1983, the commission sent Jacobs a letter informing her that "[t]he Commission by majority vote will uphold the termination order by the Marion City School District, Board of Education, for Patricia Jacobs."

On March 28, 1983, a notice of appeal from the decision of the civil service commission was captioned and filed in the Court of Common Pleas of Marion County.

The certification on the notice of appeal indicates that a copy of same was forwarded to the civil service commission, but such copy is not part of the record.

The court of common pleas found "the order of termination was supported by reliable, probative and substantial evidence and [was] in accordance with law," and ordered that "the decision and order of the Marion City Civil Service Commission should be and hereby is affirmed * * *." It is from this judgment that appeal is taken to this court.

The appellant, Jacobs, sets forth two assignments of error:

"1. The Court of Common Pleas erred in affirming the decision of the City of Marion Civil Service Commission, because the appointing authority lacked sufficient reliable, probative, and substantial evidence to justify the termination of Appellant.

"2. The Court of Common Pleas erred in affirming the decision of the Civil Service Commission, because Appellant's removal constitutes dual punishment for a single incident, when coupled with the five-day suspension, in derogation of law."

Appellant had the right to appeal the adverse decision of the Marion Civil Service Commission to the court of common pleas under the authority of either R.C. 119.12 or 2506.01. *Walker* v. *Eastlake* (1980), 61 Ohio St. 2d 273 [15 O.O.3d 273]; *Beare* v. *Eaton* (1983), 9 Ohio App. 3d 142.

The record is not specific as to whether the appeal was taken under R.C. 119.12 or under R.C. 2506.01.

R.C. 124.34 provides in part that:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code. * * *"

R.C. 119.12 provides as pertinent that:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by appellant with the court. * * *"

Municipal civil service commissions have, however, been held not to be agencies within the purview of R.C. Chapter 119 (*Karrick* v. *Bd. of Edn.* [1963], 174 Ohio St. 467 [23 O.O.2d 114]) and, thus, the procedure for appeals therefrom not set forth in R.C. 119.12 is governed by R.C. Chapter 2505, the statutes governing general procedure on appeal.

Likewise, R.C. 2506.01 prescribes procedure as provided in R.C. 2505.01 to 2505.45.

R.C. 2505.04 provides:

"An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being perfected, no appeal shall be dismissed

without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.''

In *Armstrong* v. *Marion Civil Service Comm.* (Apr. 1, 1981), Marion App. No. 9-80-39, unreported, this court considered a similar appeal, reversed and vacated the judgment of the common pleas court in that case and rendered the judgment that the lower court should have rendered by dismissing the appeal from the civil service commission. One reason for that decision was that:

'' 'The notice of appeal from the decision of the commission was captioned and filed in the common pleas court. R.C. 2506.01 refers for procedure to the provisions of R.C. 2505.01 to 2505.45. R.C. 2505.04 requires for perfection of such an appeal that the written notice of appeal be filed with the tribunal, *i.e.*, the civil service commission. The filing therewith of a photocopy of a notice of appeal captioned and filed in the common pleas court does not perfect the appeal to common pleas court.' ''

Since Jacobs' notice of appeal from the commission's decision was filed and captioned in the court of common pleas and not in the commission as required, we conclude that no jurisdiction to entertain the appeal was vested in the court of common pleas.

We reverse and vacate the judgment of the court of common pleas affirming the decision of the civil service commission and, rendering the judgment that the court of common pleas should have rendered, dismiss the appeal from the civil service commission to the common pleas court.

*Judgment reversed and final judgment rendered.*

GUERNSEY, P.J., and COLE, J., concur.