OPINION
 "THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT-APPELLANT'S (SIC) MOTION TO DISMISS WHEN ALL PARTIES ARE SERVED BY THE CLERK OF COURTS."
The following facts are relevant to this appeal. The zoning board issued its decision on December 6, 1996. Appellant filed a notice of appeal with the clerk of the trial court on Monday, December 6, 1997. Appellant served a copy upon the township solicitor. Appellant did not file a notice of appeal with the zoning board.
In Guysinger v. Chillicothe Bd. of Zoning Appeals
(1990), 66 Ohio App.3d 353, 356-57, the court stated:
 "in order to perfect an appeal from a board of zoning appeals to the court of common pleas for the county in which such board of zoning appeals is located, a notice of appeal must be filed with the zoning board itself. It is well settled that this requirement is jurisdictional and essential in order to vest the court of common pleas with jurisdiction over the appeal. (Citations omitted.)"
See, also, Patrick Media Group, Inc. v. Cleveland Bd. of ZoningAppeals (1988), 55 Ohio App.3d 124 (Service of notice of appeal on city's law director not sufficient to satisfy jurisdictional requirements.); Jacobs v. Marion Civil Service Comm. (1985),27 Ohio App.3d 194 (Appeal from commission not perfected with filing of a photocopy of a notice of appeal captioned and filed in the common pleas court.)
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J.
 George M. Glasser, J.
 James R. Sherck, J.
CONCUR.