DECISION.
{¶ 1} On November 8, 2001, plaintiff-appellee Richard Schupp was dismissed from employment with the city of Cincinnati for being under the influence of alcohol. Schupp appealed his dismissal to the civil service commission. After conducting a hearing, the commission upheld Schupp's termination.
{¶ 2} On November 21, 2001, Schupp appealed that decision to the Hamilton County Court of Common Pleas, arguing that the civil service commission had erred in reaching its decision. In his appeal to the trial court, Schupp stated that his administrative appeal had been filed pursuant to R.C. 119.12 and 124.34, and R.C. Chapters 2505 and 2506.
 {¶ 3} On January 4, 2002, the city filed the transcript of the civil service commission's hearing.
{¶ 4} On January 8, Schupp filed a motion for judgment in his favor, relying upon the city's failure to compile the record of the administrative proceedings within 30 days, as required by R.C. 119.12. In considering the motion, the trial court found that the city had failed to timely file the transcript of the administrative hearing, granted judgment to Schupp, and reinstated him with full back pay.
{¶ 5} In its sole assignment of error, the city now maintains that the trial court erred in granting Schupp's motion. The city acknowledges that the filing of the transcript was untimely under R.C. 119.12, but the city maintains that it did timely file the transcript pursuant to R.C.2506.02. According to the city, both R.C. 119.12 and 2506.02 are applicable here because Schupp filed the appeal under both statutes. Schupp agrees that both statutes may be applicable, but he argues that under either R.C. 119.12 or 2506.02 the city failed to timely file the commission's transcript.
{¶ 6} Preliminarily we note that there is a split in the districts on whether an appeal from a municipal civil service commission is governed by R.C. 119.12 or by R.C. Chapter 2506. In Jacobs v. MarionCivil Ser. Comm.,[1] the Third Appellate District held that R.C. 119.12
did not govern an appeal from a municipal civil service commission because, according to the Ohio Supreme Court, municipal civil service commissions are not agencies within the purview of R.C. Chapter 119.[2]
In view of that, the court held that R.C. Chapters 2505 and 2506 govern administrative appeals where a civil service employee challenges his reduction or removal for disciplinary reasons pursuant to R.C. 124.34.
{¶ 7} In contrast, the Twelfth Appellate District has held, inBeare v. Eaton,[3] that where a civil service employee files an appeal from the civil service commission pursuant to R.C. 124.34, both R.C. 119.12
and R.C. Chapter 2506 govern the appeal. The Beare court reasoned that R.C. 124.34 specifically permits an appeal of right pursuant to R.C. 119.12
where the controversy involves a removal or reduction in pay for disciplinary reasons.[4] The Beare court further reasoned that, according to the Ohio Supreme Court's decision in Walker v. Eastlake,[5]
a civil service employee may also appeal his removal for disciplinary reasons pursuant to R.C. 2506.01. Based on this, the Beare court concluded that the Ohio Supreme Court has recognized the right to appeal a removal from civil service employment for disciplinary reasons pursuant to either R.C. 119.12 or R.C. Chapter 2506.[6]
{¶ 8} The only cases on point dealing with appeals from municipal civil service commission decisions on removal or reduction in pay are not illuminating. In the Eighth Appellate Districts, the court follows the holdings in both Jacobs[7] and Beare.[8] In the Tenth and Seventh Appellate District, the courts follow the holding in Beare without discussing Jacobs.[9] Moreover, the Ohio Supreme Court has not definitively spoken on this issue. Rather, we are presented with conflicting holdings from the Ohio Supreme Court. In 1963, the court held, in Karrick v. Board of Education, that municipal civil service commissions are not agencies within the purview of R.C. Chapter 119.[10]
But the Ohio Supreme Court has also said that R.C. 124.34, which is governed by R.C. 119.12 for appeals involving removal or reduction in pay for disciplinary reasons, does not necessarily prohibit an R.C. Chapter 2506 appeal.[11]
{¶ 9} In light of the conflict, we agree with the Twelfth Appellate District's reasoning in Beare. Based on our analysis of the two statutes, we now hold that a municipal civil service employee may perfect and prosecute an appeal involving a removal from employment for disciplinary reasons pursuant to either R.C. 119.12 or R.C. Chapter 2506.
{¶ 10} Here, Phillips was removed from employment for disciplinary reasons. Phillips then pursued an appeal from the city's civil service commission under both sections of the Revised Code. He later sought to enforce the provisions of R.C. 119.12 when arguing his motion to dismiss the action and asking the court to rule in his favor.
{¶ 11} The city concedes that its argument fails if we proceed only under R.C. 119.12. This statute requires the record be filed "[w]ithin thirty days after receipt of the notice of appeal." The filing of the record was clearly untimely under this statute. The language of R.C. 119.12 is clear. If the agency fails to comply with R.C. 119.12 in filing the transcript, then the court must enter a finding in favor of the party adversely affected.[12] Accordingly, when applying this section, the trial court did not err in granting judgment in favor of Phillips.
{¶ 12} The city urges us, however, to evaluate this case under R.C. 2506.01. We do not do so because, at Schupp's request in his motion, the trial court considered the case under R.C. 119.12, and did not apply R.C. 2506.02.
{¶ 13} Even if we were to consider the appeal under R.C. 2506.02, the outcome would be absurd. Pursuant to R.C. 2506.02, a transcript must be filed "within forty days after filing of the notice of appeal * * * [emphasis added]." In this case, the dates in question are undisputed. The appeal was filed on November 21, 2001. The city received the notice of appeal on November 28, 2001. The transcript was filed on January 4, 2002. Based on our calculations, the city filed the transcript forty-two days after Schupp had filed his notice of appeal. Thus, the transcript was not timely filed. Where a transcript is not timely filed pursuant to R.C. 2506.02, the trial court lacks jurisdiction to proceed with the hearing.[13] Therefore, in this context the appeal would have been dismissed for lack of jurisdiction, and the civil service commission would have avoided an appeal to the court of common pleas merely by refusing to timely file a transcript. Such a result would clearly be unfair.
{¶ 14} Because a civil service employee may perfect and prosecute an appeal of a removal from employment for disciplinary reasons pursuant to either R.C. 119.12 or R.C. Chapters 2505 and 2506, and because Phillips sought to enforce his rights under R.C. 119.12, we hold that the trial court did not err in applying the standards of R.C. 119.12. Accordingly, we overrule the city's sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Painter, P.J., Gorman and Sundermann, JJ.
[1] (1985), 27 Ohio App.3d 194, 500 N.E.2d 321.
[2] See id. at 195, citing Karrick v. Bd. of Edn. (1963),174 Ohio St. 467, 190 N.E.2d 256.
[3] (1983), 9 Ohio App.3d 142, 458 N.E.2d 895.
[4] See id. at 144.
[5] (1980), 61 Ohio St.2d 273, 275, 400 N.E.2d 908.
[6] See Beare v. Eaton, supra, 9 Ohio App.3d at 144.
[7] See Krickler v. Brooklyn, 149 Ohio App.3d 97, 2002-Ohio-4278,776 N.E.2d 119, at ¶ 24; Guk v. Cleveland Civil Service Comm. (Oct. 12, 1995), 8th Dist. No. 67900.
[8] See Schauer v. Cleveland (June 7, 1990), 8th Dist. No. 56797;Catalona v. Cleveland (Nov. 26, 1986), 8th Dist. No. 52040.
[9] Martin v. Bexley Civil Service Comm. (Aug. 9, 1984), 10th Dist. No. 83AP-1067; Brittain v. Youngstown Civil Service Comm. (Oct. 19, 1983), 7th Dist. No. 82 C.A. 54.
[10] 174 Ohio St. at paragraph two of the syllabus.
[11] See Walker v. Eastlake, supra, at 275-276.
[12] See R.C. 119.12.
[13] See Reilly v. Sylvania Township Board of Trustees (1990),66 Ohio App.3d 324, 325, 584 N.E.2d 30-31, citing Grant v. WashingtonTwp. (1963), 1 Ohio App.2d 84, 86-87, 203 N.E.2d 859. See, generally,Avondale Community Council v. Zoological Society of Cincinnati (May 17, 1995), 1st Dist. No. 930955.