[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cox v. Youngstown Civ. Serv. Comm.*, Slip Opinion No. 2021-Ohio-2799.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2799

THE STATE OF OHIO EX REL. COX ET AL. *v*. YOUNGSTOWN CIVIL SERVICE COMMISSION ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cox v. Youngstown Civ. Serv. Comm.*, Slip Opinion No. 2021-Ohio-2799.]**

*Mandamus—Procedendo—After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is 30 days—A public body creates an entry through the act of making or entering a record—Writs denied.*

(No. 2020-0821—Submitted May 11, 2021—Decided August 18, 2021.)

IN MANDAMUS and PROCEDENDO.

_____

**Per Curiam.**

{¶ 1} In this original action, relator Michael R. Cox, a detective sergeant with the city of Youngstown police department, seeks a writ of mandamus or,

alternatively, a writ of procedendo, ordering respondents, the Youngstown Civil Service Commission, its president, James Messenger, its vice president, John Spivey, and its secretary, Alfred Fleming (collectively, "Youngstown"), to (1) conduct an evidentiary hearing on his appeal of the mayor's appointment of another detective sergeant to the position of lieutenant, (2) enter a final, appealable order on the appeal, and (3) serve him with a written copy of that order. We note that Cox's complaint includes the city of Youngstown as an additional relator. But because his merit brief focuses exclusively on himself, we will limit our focus accordingly. For the reasons that follow, we deny the writs.

## I. FACTUAL BACKGROUND

{¶ 2} The Youngstown Civil Service Commission "prescribe[s], amend[s] and enforce[s] rules consistent with the provisions of the civil service laws of the state of Ohio and in accordance with the Home Rule Charter of the City of Youngstown." Youngstown Civil Service Commission Rule ("YCSCR") II(1).

{¶ 3} In June 2018, Cox, along with several other detective sergeants, sat for an exam administered by the commission. The exam was given to establish a list of candidates who would be eligible to be promoted to the position of lieutenant. Following the exam, Cox and other examinees submitted written protests to the commission, questioning the exam's fairness. The commission responded to the protests by making an adjustment to the exam grades, after which Cox ranked third on the eligibility list.

{¶ 4} On May 14, 2019, the city's mayor, acting as the appointing authority, appointed to the position of lieutenant, Detective Sergeant Ward, the examinee who ranked first on the eligibility list.

{¶ 5} On May 20, 2019, Cox appealed the mayor's appointment to the commission, renewing his concern that the exam was administered unfairly. The commission addressed Cox's appeal at its June 19, 2019 regular meeting. At the meeting, Cox and his counsel presented arguments to the commission. The

commission determined, however, that Cox was not entitled to an evidentiary hearing. The meeting minutes show that one of the commissioners described Cox's appeal as an attempt to "micromanage" the manner in which the commission had administered the exam. The commissioner added that the commission had read everything that Cox had submitted in support of his appeal and noted that any further relief would have to come from a court, not the commission.

{¶ 6} On July 17, 2019, Youngstown approved the minutes from its June 19, 2019 meeting, and those minutes state that "Michael Cox's case has been concluded." No party disputes that the commission never personally served Cox with the minutes from the June 19 meeting.

{¶ 7} On May 14, 2020, Cox's counsel filed with the commission a "Motion for Entry of Final Appealable Order and Motion for Reconsideration." On June 17, 2020, the commission held its regular monthly meeting, wherein it told Cox that it would not be taking further action on his appeal.

{¶ 8} On July 6, 2020, Cox filed with this court a complaint (later amended) seeking a writ of mandamus or, alternatively, a writ of procedendo, to (1) compel the commission to convene an evidentiary hearing, (2) issue a final, appealable order determining his appeal, and (3) serve him with that order. Cox also sought declaratory relief. Because part of Cox's mandamus claim included allegations bearing on a taxpayer action, *see* R.C. 733.58, 733.59, and 733.61, Cox filed an application asking this court to determine whether he needed to provide additional financial security. Youngstown filed its answer and moved for judgment on the pleadings. Cox thereafter asked this court to strike certain paragraphs from Youngstown's answer.

{¶ 9} We granted Youngstown's motion for judgment on the pleadings as to Cox's request for declaratory relief but denied it with respect to Cox's mandamus and procedendo claims and determined that Cox lacked standing to bring a taxpayer action. 160 Ohio St.3d 1513, 2020-Ohio-6834, 159 N.E.3d 1175. We further

denied Cox's application for a determination of additional security as moot, denied his motion to strike, and granted an alternative writ. *Id.*

{¶ 10} The parties have submitted evidence and filed briefs in accordance with S.Ct.Prac.R. 12.05. And Cox has filed a motion to strike some of Youngstown's evidence or, alternatively, for leave to file a supplemental affidavit to rebut that evidence.

## II. ANALYSIS

### A. Cox's mandamus claim

{¶ 11} To prevail on his mandamus claim, Cox must establish a clear legal right to the requested relief, a clear legal duty on the part of the commission to provide it, and the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 12} Cox argues that the commission's rules require it to afford him an evidentiary hearing; issue a final, appealable order that determines his appeal; and serve him with that order.[1]

{¶ 13} Section 52 of the city's charter provides that "[a]ll of the provisions of the Revised Code of the State of Ohio relating to Municipal Civil Service are hereby adopted and made a part of this Charter." Ohio law, in turn, provides that a "municipal civil service commission shall prescribe, amend, and enforce rules" applicable to, among other things, "examinations" and "promotions" of civil-service positions. R.C. 124.40(A).

{¶ 14} By commission rule, when a vacancy in a position above entry grade arises, the vacancy "shall normally be filled by promotion, following competitive exams, from among persons already employed in lower classes of positions."

---

1. Cox argues in passing that R.C. 124.34 provides a supplemental basis for relief; however, his failure to develop that argument means that he has waived his right to have this court consider it. *See Navistar, Inc. v. Testa*, 143 Ohio St.3d 460, 2015-Ohio-3283, 39 N.E.3d 509, ¶ 39 (collecting cases).

YCSCR V(8). After the commission conducts an exam, it prepares an eligibility list of those achieving a passing score, "arranged in descending order of the final score attained," YCSCR V(15). *See also* YCSCR VI(1) and (6). For those in the city's police department, the appointing authority shall appoint "the person having the highest standing on the eligibility list." YCSCR VI(6). The mayor holds the power of appointment. YCSCR I.

**{¶ 15}** "If an employee disagrees with an action of the Appointing Authority, the employee shall have ten (10) days within which to file a written appeal of that action to the Civil Service Commission." YCSCR XII(3). A "filing of a notice of appeal with the Commission is the only act necessary to initiate an appeal." *Id*. "Each party may call witnesses to testify" at the hearing on an employee's appeal, and all parties "shall be notified in writing of the Commission's decision." *Id*.

**{¶ 16}** Those rules thus establish that after an employee perfects his appeal from the appointing authority's action, the commission acquires a clear legal duty to hold an evidentiary hearing, make a decision, and notify the employee in writing of that decision. *Id*. Because Cox filed a written appeal to the commission within ten days of Ward's appointment, he has established a clear legal right to the procedures set forth in YCSCR XII(3) and a clear legal duty on the part of the commission to provide them.

### 1. Final order

**{¶ 17}** We begin by addressing whether the commission has failed to perform its duty to enter a final order on Cox's appeal of the mayor's appointment.

**{¶ 18}** Under Ohio law, "every final order, adjudication, or decision of any * * * commission * * * of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code." R.C. 2506.01(A). A "final order, adjudication, or decision" is defined as "an order,

SUPREME COURT OF OHIO

adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person." R.C. 2506.01(C). "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." R.C. 2505.07.[2]

{¶ 19} Youngstown does not dispute that the subject matter of Cox's appeal bore on his "rights, duties, privileges, benefits, or legal relationships" within the meaning of R.C. 2506.01(C). And though Cox contests the manner in which the commission determined his appeal, it clearly did so, for the minutes from the commission's June 19, 2019 meeting establish that it rejected his appeal. Indeed, the final sentence of the approved minutes states: "Michael Cox's case has been concluded."

{¶ 20} Our decision in *State ex rel. Hanley v. Roberts*, 17 Ohio St.3d 1, 4, 476 N.E.2d 1019 (1985), establishes that the commission's approval of its minutes from the June 19, 2019 meeting constituted a final order within the meaning of R.C. 2506.01 and 2505.07. There, we considered what form a civil-service-commission order must take to become final within the meaning of former R.C. 2506.01 and 2505.07. In doing so, we quoted approvingly from the trial court's observation in *Grimes v. Cleveland*, 17 Ohio Misc. 193, 195-196, 243 N.E.2d 777 (C.P.1969), that the " 'form of written entry of a decision of an administrative board should be the written minutes of its meeting at which the decision was rendered.' " *Hanley* at 4-5.

---

2. Cox suggests in passing that R.C. 119.12 and 124.34(B) also bear on this court's analysis. But "R.C. Chapter 119 applies only to *state* agencies." (Emphasis sic.) *Crawford-Cole v. Lucas Cty. Dept. of Job & Family Servs.*, 121 Ohio St.3d 560, 2009-Ohio-1355, 906 N.E.2d 409, ¶ 38; *accord Lewis v. Parkinson*, 1 Ohio App.3d 22, 24, 437 N.E.2d 1215 (10th Dist.1981) ("hold[ing] that there is no right of appeal from an order of a municipal civil service commission under R.C. 119.12"). And R.C. 124.34(B) applies to a "removal" or "reduction"—neither of which occurred here. *See Lewis* at 23-24 (holding that R.C. 124.34 creates a right of appeal only in cases involving disciplinary removals or reductions).

{¶ 21} Cox argues that the commission's minutes should set forth formal criteria akin to that typically found in a judicial order. But the decision he relies on for that proposition, *A.M.R. v. Zane Trace Local Bd. of Edn.*, 2012-Ohio-2419, 971 N.E.2d 457, ¶ 23 (4th Dist.), declined to adopt such a rule, and we otherwise find no statutory support for the argument.

{¶ 22} In summary, because the commission's minutes are its "final order" rejecting Cox's appeal, R.C. 2506.01(A) and (C), we conclude that Cox's request for a writ of mandamus ordering the commission to issue a decision determining his appeal is moot. *See State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 279, 658 N.E.2d 723 (1996) ("A writ of mandamus will not lie to compel an act already performed").

### 2. Service of the commission's final order

{¶ 23} Next, we consider Cox's argument that he must be served with the commission's decision, claiming that without service, he cannot pursue an appeal in the court of common pleas. There is no genuine dispute that the commission failed to serve him, for Youngstown concedes that "Cox was not personally served" with a copy of the minutes and Youngstown points to no other evidence establishing that Cox was otherwise provided written notification of the minutes. Nor does Youngstown point to an adequate legal remedy by which Cox could compel the commission to perform the requirements of YCSCR XII(3).

{¶ 24} Even so, we conclude that Cox is not entitled to a writ of mandamus because it would not benefit him. In *State ex rel. Thomas v. Nestor*, __ Ohio St.3d __, 2021-Ohio-672, __ N.E.3d __, we applied the no-benefit rule to a controversy arising from a civil action in which the clerk of courts had failed to serve the trial court's judgment entry under Civ.R. 58(B). The relator sought a writ ordering service of the entry, claiming that service was necessary for the purpose of appeal. We disagreed and denied the writ, reasoning that "[t]he lack of service by the clerk

under Civ.R. 58(B) means simply that [the relator's] time for commencing an appeal has not begun to run." *Id.* at ¶ 8.

**{¶ 25}** Consideration of the no-benefit rule within the context of this case must begin with R.C. 2505.07, which provides that "[a]fter the entry of a final order [of the commission] * * * the period of time within which the appeal shall be perfected * * * is thirty days." Notably, as Youngstown argues, R.C. 2505.07 does not require the decisionmaker to serve its final order on the affected party in order for that party to institute an appeal in common pleas court. The cases cited by Cox do not support that proposition either; rather, they say that a court of common pleas may not exercise jurisdiction over an administrative appeal in the absence of a final order. *See Leist v. Mad River Twp. Bd. of Trustees*, 2d Dist. Clark No. 2105-CA-86, 2016-Ohio-2960, ¶ 6; *Galloway v. Firelands Local School Dist. Bd. of Edn.*, 9th Dist. Lorain No. 12CA010208, 2013-Ohio-4264, ¶ 6. And Cox does not point to other statutory language within R.C. Chapters 2505 or 2506 requiring that he must be served by the commission before he is able to perfect his appeal.

**{¶ 26}** Perfection of the appeal, as R.C. 2505.07 requires, must occur within 30 days after the "entry" of the final order. And a public body creates an entry through "the act of making or entering a record." *Merriam Webster's Collegiate Dictionary* 417-418 (11th Ed.2020). Applying that meaning here, we conclude that the commission made its entry on July 17, 2019, which is the day it approved its June 19, 2019 minutes. This means that under R.C. 2505.07, Cox had 30 days from July 17, 2019, to perfect his appeal to the common pleas court. *See, e.g.*, *Snell v. Mount Vernon Bd. of Zoning Appeals*, 5th Dist. Knox No. 95CA24, 1995 WL 808609, *2 (Dec. 18, 1995) ("the drawing up and signing of the minutes constitutes the 'entry of the final order' of the [board] for purposes of R.C. 2505.07"); *LaPlant Ents. v. Toledo*, 6th Dist. Lucas No. L-87-369, 1988 WL 69147, *2 (June 30, 1988) (holding that the time for appealing under R.C. 2505.07 runs from the time that the vote and minutes of a planning and zoning committee "were reduced to record").

Because the time for Cox's appeal expired long ago, he would derive no benefit from a writ of mandamus ordering the commission to provide him with written notification of its decision under YCSCR XII(3).

{¶ 27} Cox responds that the commission's failure to serve him with its final order has deprived him of "due process" and a right to "redress." Although Cox does not quote any constitutional text containing these exact words, he perfunctorily references Article 1, Section 16 of the Ohio Constitution, which provides: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

{¶ 28} The bulk of Cox's constitutional analysis consists of a couple of footnotes that string cite a number of decisions by the courts of appeals and an extended discussion of *A.M.R.*, 2012-Ohio-2419, 971 N.E.2d 457, in which the court of appeals held that a letter from a school superintendent satisfied the meaning of "final order" under R.C. 2506.01, not that service of the order by a public body is constitutionally required. Indeed, Cox does not develop any argument based on *our* caselaw that addresses the scope of Article I, Section 16 of the Ohio Constitution. Given the underdeveloped nature of the constitutional argument, we decline to address it. *See Bronx Park South III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision*, 153 Ohio St.3d 550, 2018-Ohio-1589, 108 N.E.3d 1079, ¶ 10 (declining to address a constitutional argument when the party had "not formulated a clear argument" in support); *In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, 951 N.E.2d 751, ¶ 19 ("it is not generally the proper role of this court to develop a party's arguments").

### 3. Evidentiary hearing

{¶ 29} Last, Cox requests that the commission be ordered to convene an evidentiary hearing on his appeal. But Cox should have raised any claim that the commission erred in administering his hearing rights by appealing the

commission's approval of its minutes. *See State ex rel. Henderson v. Maple Hts. Civ. Serv. Comm.*, 63 Ohio St.2d 39, 41, 406 N.E.2d 1105 (1980) (concluding that the relator had an adequate remedy in the ordinary course of the law to raise his allegation concerning the deprivation of a hearing); *State ex rel. Fern v. Cincinnati*, 161 Ohio App.3d 804, 2005-Ohio-3168, 832 N.E.2d 106, ¶ 53 (1st Dist.) ("[the commission's] failure to hold a hearing d[oes] not mean that the commission's decision was not subject to appellate review" under R.C. Chapter 2506). In other words, Cox had an adequate legal remedy to redress this alleged harm. *State ex rel. Kerns v. Simmers*, 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430, ¶ 15 ("The extraordinary writ of mandamus will not lie when there exists an adequate remedy at law").

### B. Cox's procedendo claim

{¶ 30} "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). And in such a case, the writ will lie when the relator can "show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 2.

{¶ 31} Here, the commission proceeded to judgment on July 17, 2019, when it approved its June 19, 2019 minutes denying Cox's appeal of the mayor's appointment. Accordingly, Cox's procedendo claim fails because the commission complied with its duty to proceed.

### C. Cox's motion and other requests

{¶ 32} Cox has filed a motion asking that we strike some or all of exhibit Nos. 1, 6, 7, 8, 10, 18, and 21 that Youngstown has filed as evidence, claiming that they are irrelevant; alternatively, Cox seeks leave to file a supplemental affidavit to rebut Youngstown's evidence. In general, Cox's supplemental affidavit challenges

the manner by which the commission and the third-party author of the promotional exam developed a solution to address an examinee's protests. We conclude that Cox's motion is moot because the relief it requests does not change the fact that he did not file a timely appeal.

{¶ 33} We note also that the cover page of Cox's merit brief contains a "request" for oral argument and that the body of his brief perfunctorily asserts that the commission must address the motion that he filed on May 14, 2020. But Cox does not expound on the necessity for an oral argument in this case or offer any analysis as to why the commission should be ordered to address that motion. We therefore deny those requests.

### III.  CONCLUSION

{¶ 34} For the foregoing reasons, we deny Cox's requests for writs of mandamus and procedendo, and we deny his motion to strike or, alternatively, motion for leave to file a supplemental affidavit.

Writs denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Law Offices of S. David Worhatch and S. David Worhatch, for relators.

Roetzel & Andress, L.P.A., Monica L. Frantz, and Diana M. Feitl, for respondents.

_____