[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. S.Y.C. v. Floyd*, Slip Opinion No. 2024-Ohio-1387.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1387

THE STATE EX REL. S.Y.C., APPELLANT, *v*. FLOYD, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. S.Y.C. v. Floyd*, Slip Opinion No. 2024-Ohio-1387.]

*Procedendo—Mandamus—Writs sought to compel rulings on motions pending before trial court—Court of appeals' judgment dismissing petition affirmed because petition is moot.*

(No. 2023-1028—Submitted March 12, 2024—Decided April 16, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 112565, 2023-Ohio-2395.

_____

**Per Curiam.**

{¶ 1} Appellant, S.Y.C., appeals the judgment of the Eighth District Court of Appeals dismissing her petition for writs of procedendo and mandamus against appellee, Judge Alison L. Floyd of the Cuyahoga County Court of Common Pleas, Juvenile Division. S.Y.C. brought her petition to compel rulings on motions

pending before Judge Floyd, who is overseeing the child-custody cases involving S.Y.C., her former partner, and their two children. The Eighth District dismissed S.Y.C.'s petition as moot, finding that Judge Floyd had disposed of the motions. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} S.Y.C. and her former partner have had an ongoing dispute over child-custody matters since 2008. The case began in the Lake County Court of Common Pleas, Juvenile Division, and was transferred to Cuyahoga County in 2016. The case has involved multiple appeals, *see [J.V.C.] v. [S.Y.C.]*, 11th Dist. Lake No. 2010-L-008, 2010-Ohio-5401; *[J.V.C.] v. [S.Y.C.]*, 11th Dist. Lake No. 2011-L-121, 2012-Ohio-2242; *[J.V.C.] v. [S.Y.C.]*, 11th Dist. Lake No. 2012-L-048, 2012-Ohio-4338; *[J.V.C.] v. [S.Y.C.]*, 11th Dist. Lake No. 2012-L-103, 2013-Ohio-2042; *[J.V.C.] v. [S.Y.C.]*, 11th Dist. Lake No. 2013-L-092, 2014-Ohio-2454; *In re J.C.*, 8th Dist. Cuyahoga Nos. 107292 and 107294, 2019-Ohio-107; *In re G.C.*, 8th Dist. Cuyahoga No. 109969, 2021-Ohio-2442; *In re J.C.*, 8th Dist. Cuyahoga Nos. 109745 and 109746, 2021-Ohio-2450; *In re J.C.*, 8th Dist. Cuyahoga Nos. 109747 and 109748, 2021-Ohio-2451; *In re J.C.*, 8th Dist. Cuyahoga Nos. 111077, 111078, 111149, 111150, 111151, and 111152, 2022-Ohio-3326; *In re J.C.*, 8th Dist. Cuyahoga Nos. 112898 and 112899, 2024-Ohio-343; petitions for extraordinary writs, *see [S.Y.C.] v. Lawson*, 11th Dist. Lake No. 2012-L-118, 2012-Ohio-5831; *State ex rel. S.Y.C. v. Floyd*, 8th Dist. Cuyahoga No. 106955, 2018-Ohio-2743; *State ex rel. S.Y.C. v. Floyd*, 8th Dist. Cuyahoga No. 109602, 2020-Ohio-5189; *State ex rel. S.Y.C. v. Floyd*, 2021-Ohio-3467, 177 N.E.3d 1046 (8th Dist.); and affidavits of disqualification, *see In re Disqualification of Lawson*, 135 Ohio St.3d 1243, 2012-Ohio-6337, 986 N.E.2d 6; *In re Disqualification of Floyd*, 164 Ohio St.3d 1242, 2021-Ohio-2820, 173 N.E.3d 529; *In re Disqualification of Floyd*, 166 Ohio St.3d 1252, 2022-Ohio-919, 187 N.E.3d 579; *In re Disqualification of Floyd*, Supreme Court case No. 23-AP-120 (Oct. 6, 2023).

**{¶ 3}** On March 27, 2023, S.Y.C. filed a petition for writs of procedendo and mandamus in the Eighth District. She alleged that Judge Floyd had failed to rule on "at least seven" pending motions that had been filed between April 2021 and August 2022. Most of the motions concerned child-support and visitation issues. S.Y.C. asked the Eighth District to issue a writ compelling Judge Floyd to rule on the pending motions.

**{¶ 4}** Judge Floyd filed a motion to dismiss, arguing that S.Y.C.'s petition was moot. Judge Floyd asserted that the motions identified in S.Y.C.'s petition had been ruled on or withdrawn or were not a motion and therefore did not require a decision from the court. Judge Floyd's motion to dismiss was supported by copies of some of the motions or filings at issue and of related judgment entries. While S.Y.C.'s petition was pending, Judge Floyd resolved several of S.Y.C.'s then-pending motions at a hearing held on May 11, 2023, and journalized those rulings in a May 22, 2023 judgment entry.

**{¶ 5}** In S.Y.C.'s response to Judge Floyd's motion to dismiss, she argued that several motions were still not resolved. In her reply to S.Y.C.'s response, Judge Floyd cited judgment entries that addressed the motions S.Y.C. had referenced in her response.

**{¶ 6}** The Eighth District dismissed S.Y.C.'s petition. 2023-Ohio-2395, ¶ 7. The court found that Judge Floyd had ruled on all the motions that were the subject of the petition, rendering moot S.Y.C.'s petition. *Id*. at ¶ 4. The court also rejected S.Y.C.'s other arguments about Judge Floyd's rulings, noting that S.Y.C. was essentially seeking an appellate review of Judge Floyd's judgments, which is not the purpose of either procedendo or mandamus. *Id*. at ¶ 6.

**{¶ 7}** S.Y.C. has appealed to this court as of right.

## II. ANALYSIS

### A. *Motion to supplement the record*

{¶ 8} Before the parties filed their briefs in this case, S.Y.C. filed a motion to supplement the record. Citing S.Ct.Prac.R. 15.08, she asks to submit transcripts of hearings held before Judge Floyd in July 2022 and May 2023, as well as a judgment entry issued by Judge Floyd in August 2023. S.Y.C. acknowledges that these documents were not part of the record in the Eighth District but asserts that they will provide background for key points in support of her arguments. Judge Floyd opposes the motion, primarily because the transcripts and the judgment entry were not part of the record in the Eighth District.

{¶ 9} S.Ct.Prac.R. 15.08 permits supplementation of the record but is limited to "any part of the record [that] is not transmitted to the Supreme Court." The documents that S.Y.C. seeks to add are not part of the record. In fact, none of the documents was submitted to the Eighth District in this case—the August 2023 judgment entry did not exist when the Eighth District reached its decision to dismiss S.Y.C.'s petition, and S.Y.C. has failed to explain why the transcripts were not made part of the record when those hearings were held prior to the Eighth District's reaching its decision. "A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter." *State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, 159 N.E.3d 1121, ¶ 16. The motion to supplement the record is denied.

### B. *Motion for leave*

{¶ 10} After the close of briefing in this court, S.Y.C. filed a motion for leave to correct her reply brief and attached a copy of her proposed amended reply brief. Because the time to file her original reply brief has expired, S.Ct.Prac.R. 3.13(B)(3) requires S.Y.C. to obtain leave of court to file her proposed amended reply brief.

**{¶ 11}** The proposed amended reply brief attached to S.Y.C.'s motion for leave cites *J.C.*, 2024-Ohio-343—the court of appeals' decision dismissing S.Y.C.'s appeal of Judge Floyd's order denying S.Y.C.'s three motions to hold her former partner in contempt. The court of appeals issued *J.C.* after the close of briefing in this court. The day before filing her motion for leave, S.Y.C. filed a notice of additional authority, citing *J.C.* S.Y.C.'s proposed amended reply brief reiterates the arguments in her original reply brief but cites *J.C.* But S.Ct.Prac.R. 16.08 forbids supplementation of merit briefs except as provided in S.Ct.Prac.R. 3.13 and other rules not applicable here. S.Ct.Prac.R. 16.08 further provides: "If a relevant authority is issued after the deadline has passed for filing a party's merit brief, that party may file a citation to the relevant authority but shall not file additional argument." S.Y.C.'s notice of additional authority already called attention to *J.C.*, and S.Y.C. has not shown a reason to grant her leave to file her proposed amended reply brief. *Compare State ex rel. Marmaduke v. Ohio Police & Fire Pension Fund*, 147 Ohio St.3d 390, 2016-Ohio-5550, 66 N.E.3d 705, ¶ 24-26 (striking motions for judicial notice that attempted to supplement the merit brief with additional argument and evidence, which was not permitted by S.Ct.Prac.R. 16.08). The motion for leave is denied.

### C. Procedendo and mandamus claims

**{¶ 12}** This court reviews de novo the Eighth District's judgment dismissing S.Y.C.'s petition. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10. Dismissal of a petition is appropriate "if, after all factual allegations of the [petition] are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998). In considering a motion to dismiss, a court generally may not consider evidence outside the petition. *See Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. An

5

exception exists, however, when an event causes a case to become moot. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 159 Ohio St.3d 47, 2020-Ohio-354, 146 N.E.3d 573, ¶ 5.

{¶ 13} Although S.Y.C. filed a petition for writs of procedendo and mandamus, the nature of her claims makes procedendo the more appropriate legal vehicle. This court has noted that while mandamus may be used to compel a court to issue a decision, procedendo is more appropriate to compel a court to issue a decision because " ' "[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." ' " (Brackets added in *Dehler*.) *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222, ¶ 14, quoting *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E.2d 332 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110, 637 N.E.2d 319 (1994).

{¶ 14} A writ of procedendo will issue when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7. To state a claim in procedendo, S.Y.C. must allege facts showing that (1) she has a clear legal right to require Judge Floyd to proceed, (2) Judge Floyd has a clear legal duty to proceed, and (3) she lacks an adequate remedy in the ordinary course of the law. *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 531-532, 705 N.E.2d 1227 (1999). Procedendo and mandamus claims become moot when a respondent performs the duty requested. *See State ex rel. Roberts v. Hatheway*, 166 Ohio St.3d 531, 2021-Ohio-4097, 188 N.E.3d 150, ¶ 5 (procedendo); *State ex rel. Cox v. Youngstown Civ. Serv. Comm.*, 165 Ohio St.3d 240, 2021-Ohio-2799, 177 N.E.3d 267, ¶ 22 (mandamus).

### D. S.Y.C.'s claims are moot

{¶ 15} The Eighth District correctly found that S.Y.C.'s claims are moot. Neither a writ of procedendo nor mandamus will compel the performance of a duty

that has already been performed. *State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, ¶ 9 (procedendo); *State ex rel. Davidson v. Beathard*, 165 Ohio St.3d 558, 2021-Ohio-3125, 180 N.E.3d 1105, ¶ 13 (mandamus).

**{¶ 16}** In this case, S.Y.C. petitioned the Eighth District to compel Judge Floyd to issue rulings on "at least seven" motions that she alleged were still pending after at least seven months. Judge Floyd's motion to dismiss demonstrated that most of the motions referenced by S.Y.C. were addressed before S.Y.C. filed her petition or that they were not a motion and therefore did not require a decision from the court. The remaining motions were addressed at a hearing during the pendency of S.Y.C.'s petition. Judge Floyd has therefore provided S.Y.C. with all the relief she could have received through her procedendo and mandamus claims, rendering those claims moot.

**{¶ 17}** In her brief, S.Y.C. alleges that Judge Floyd still has not ruled on two motions, one filed on November 15, 2021, and the other filed on December 22, 2021. However, those allegations are not supported by the record.

*E. S.Y.C.'s other arguments are not appropriate for relief under procedendo or mandamus*

**{¶ 18}** S.Y.C.'s request for this court to order an evidentiary hearing differs from her petition's requested relief. She asks this court to reverse the Eighth District's judgment and direct Judge Floyd to "hold an actual evidentiary hearing and give [S.Y.C.] a fair hearing." However, her original petition sought an order compelling a ruling on the motions she alleged were pending a decision. Now that those decisions have been issued, her brief asks this court to order another hearing, presumably seeking a different outcome. "An appellant cannot change the theory of her case and present new arguments for the first time on appeal." *During v. Quoico*, 2012-Ohio-2990, 973 N.E.2d 838, ¶ 43 (10th Dist.), citing *State ex rel.*

*Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177, 602 N.E.2d 622 (1992).

**{¶ 19}** S.Y.C. also criticizes how Judge Floyd disposed of her then-pending motions at the May 2023 hearing. She maintains that she had no notice about the motions that were to be addressed at the hearing and that Judge Floyd declined to take any evidence before issuing a ruling on the motions.

**{¶ 20}** Neither criticism supports her procedendo or mandamus claims. Judge Floyd is vested with broad judicial discretion in determining the admissibility of evidence, *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991), and extraordinary writs are not used to control judicial discretion, even if that discretion was abused, *see State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 11. To the extent Judge Floyd's methods or decisions are contrary to law, this action is not the appropriate way to challenge them. *See State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 24 (Kennedy, J., concurring) ("it is well established that neither mandamus nor procedendo is a substitute for an appeal").

### III. CONCLUSION

**{¶ 21}** We affirm the Eighth District Court of Appeals' judgment dismissing S.Y.C.'s petition for writs of procedendo and mandamus as moot. We also deny her motion to supplement the record and her motion for leave to correct her reply brief.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

———————————

S.Y.C., pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, for appellee.

January Term, 2024

_____